# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     CV 16-4240 DOC (SS)                             Date: August 2, 2016
                                                              Page 1 of 6

Title:    Raymond McGinnis v. Raymond Madden, Warden

DOCKET ENTRY:    **ORDER VACATING PRIOR ORDER TO SHOW CAUSE [DKT. NO. 4] AND ORDERING PETITIONER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS UNTIMELY FILED**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                     None Present

**PROCEEDINGS: (IN CHAMBERS)**

On June 8, 2016, Raymond McGinnis ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Dkt. No. 1). Petitioner challenges his 1999 conviction and sentence for murder, assault with a semiautomatic firearm, and two counts of robbery in violation of

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed as of the date the prisoner delivers it to prison authorities for mailing. See Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Proof of Service reflects that Petitioner delivered the Petition to prison authorities for mailing on June 8, 2016, which the Court adopts as the Petition's constructive filing date. (Petition at 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     CV 16-4240 DOC (SS)                    Date: August 2, 2016
                                                    Page 2 of 6

Title:       Raymond McGinnis v. Raymond Madden, Warden

California Penal Code sections 187, 211, and 245. (Petition at 2). On July 8, 2016, the Court issued an Order To Show Cause Why The Magistrate Judge Should Not Recommend That This Action Be Dismissed As Successive in light of Raymond McGinnis v. Raymond Madden, C.D. Cal. Case No. CV 15-4754 DOC (SS) (the "Prior Petition"). ("OSC," Dkt. No. 4). The Court also observed that, in adjudicating the Prior Petition, the Court had determined that a challenge to the 1999 conviction would be untimely. (Id. at 3 n.3).

On July 28, 2016, Petitioner responded to the OSC. ("Response," Dkt. No. 5). Based upon the Response, the OSC, which focused primarily on whether the Petition was successive, is VACATED. However, Petitioner's Response does not address whether the Petition is timely. The Court will therefore provide Petitioner with a further opportunity to address that issue.

**The Petition Is Untimely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. See Rhines v. Weber, 544 U.S. 269, 274 (2005). Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. Specifically, state prisoners must file their habeas petitions within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-4240 DOC (SS)                      Date: August 2, 2016
                                                    Page 3 of 6

Title:   Raymond McGinnis v. Raymond Madden, Warden

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, § 2244(d)(1)(A) provides the applicable limitations period.

Under § 2244(d)(1)(A), "a federal petition for writ of habeas corpus . . . must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of the time to seek direct review." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied Petitioner's petition for review in his direct appeal on September 12, 2001. (See California Appellate Courts Case Information website, Case No. S099000, available at http://appellatecases.courtinfo.ca.gov; Prior Petition, Lodgment 12).[1] After the California Supreme Court denied review, Petitioner had the option of seeking a writ of certiorari from the United States Supreme Court. 28 U.S.C. § 1257. A writ of certiorari must be sought within ninety days after the California Supreme Court denies review. 28 U.S.C. § 2101(d); United States Supreme Court Rule 13. If a petitioner does not seek certiorari in

---

[1] The Court takes judicial notice of its own records in other cases and of state court documents relevant to the disposition of this case. See United States v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.     CV 16-4240 DOC (SS) | Date: August 2, 2016 |
| | Page 4 of 6 |

Title:     Raymond McGinnis v. Raymond Madden, Warden

---

the Supreme Court, the direct review process is over at the end of the ninety-day period. Whalem/Hunt v. Early, 233 F.3d 1146, 1147 (9th Cir. 2000) (en banc); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, the statute of limitations began to run on December 11, 2001, and expired on December 10, 2002, one year from when Petitioner's state court judgment became final. Whalem/Hunt, 233 F.3d at 1147; Bowen, 188 F.3d at 1159. Because the instant action was not filed until June 8, 2016, i.e., over thirteen years after the statute of limitations had run, it is untimely absent tolling.

**Statutory Tolling Does Not Render The Petition Timely**

Under 28 U.S.C. § 2244(d)(2), AEDPA's limitations period is tolled while "'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Allen v. Siebert, 552 U.S. 3, 4 (2007) (per curiam) (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner filed at least two state habeas corpus petitions challenging the 1999 conviction. On November 10, 2014, Petitioner filed a state habeas corpus petition before the California Court of Appeal seeking reversal of his 1999 conviction. (See California Appellate Courts Case Information website, Second Appellate District, Case No. B260113; Prior Petition, Lodgment 17 at 16). The Court of Appeal denied that petition on December 10, 2014. (See California Appellate Courts Case Information website, Second Appellate District, Case No. B260113; Prior Petition, Lodgment 18). On August 26, 2015, Petitioner filed a state habeas corpus petition before the California Supreme Court seeking reversal of the 1999 conviction. (See California Appellate Courts Case Information website, Case No. S228942; Prior Petition, Lodgment 23 at 91). The California Supreme Court denied the petition on October 28, 2015. (See California Appellate Courts Case Information website, Case No. S228942; Prior Petition, Lodgment 24).[2]

---

[2] Petitioner filed at least five other state habeas corpus petitions between 2010 and 2015, but they challenged a 1998 juvenile fitness proceeding that is not implicated by the instant

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.     CV 16-4240 DOC (SS)                                Date:  August 2, 2016
                                                                                                Page 5 of 6

Title:         <u>Raymond McGinnis v. Raymond Madden, Warden</u>

     Petitioner did not file his first state habeas corpus petition challenging the 1999 conviction until November 10, 2014, over eleven years after the limitations period expired. Because habeas corpus petitions filed after the statute of limitations has run neither toll nor revive an expired limitations period, <u>Larsen v. Soto</u>, 742 F.3d 1083, 1088 (9th Cir. 2013); <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003), Petitioner's state habeas petitions do not entitle him to statutory tolling of the limitations period. Petitioner's response to this Order should provide any additional facts that would demonstrate that he is entitled to statutory tolling. Petitioner is advised that he bears the burden of demonstrating that he is entitled to statutory tolling. <u>See, e.g.</u>, <u>Banjo v. Ayers</u>, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

**Equitable Tolling Does Not Render The Petition Timely**

     In addition to statutory tolling, the limitations period may also be subject to equitable tolling if Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. <u>See</u> <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" <u>Porter</u>, 620 F.3d at 959 (citation omitted). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." <u>Bills v. Clark</u>, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted, second brackets in original).

     Petitioner has not alleged any facts indicating that he may be entitled to equitable tolling. Indeed, his multi-year history of litigating before the California state courts, (<u>see supra</u> at 4 & n.2), and his prior practice before this Court indicate that, for at least the past six years, he has been completely capable of drafting and filing pleadings to pursue habeas corpus relief. Petitioner's response to this Order should identify any errors in the Petition. (<u>See</u> Prior Petition, Dkt. No. 27 (Report and Recommendation) at 4-5 (summarizing Petitioner's state habeas corpus petitions)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 16-4240 DOC (SS)                         Date:  August 2, 2016
                                                        Page 6 of 6

Title:    Raymond McGinnis v. Raymond Madden, Warden

foregoing analysis and provide any facts that would permit him to demonstrate that he is entitled to equitable tolling.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show equitable tolling).

**Conclusion**

28 U.S.C. § 2244(d)(1) appears to bar this action.  Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order**,** why this action should not be dismissed pursuant to the AEDPA one-year period of limitation.  Petitioner is particularly advised to inform the Court of any reasons why he may be entitled to statutory or equitable tolling.  After the Court receives a response to this Order, the Court will prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.  IT IS SO ORDERED.

MINUTES FORM                                                                        00:00
CIVIL-GEN                                                          Initials of Deputy Clerk  mr